UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAWRENCE NORMAN GIBBONS,

    Petitioner,        Case No. 2:16-CV-13992
v.                           HONORABLE DENISE PAGE HOOD
                               CHIEF UNITED STATES DISTRICT JUDGE

MARK McCULLICK,

    Respondent,
_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Lawrence Norman Gibbons, ("Petitioner"), confined at the St. Louis Correctional Facility in St. Louis, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction and sentence for first-degree criminal sexual conduct, M.C.L.A. 750.520b(1)(A). For the reasons that follow, the petition for writ of habeas corpus is DENIED.

## I. Background

Petitioner was originally charged with one count of first-degree criminal sexual conduct based on an allegation that he engaged in sexual

1

penetration with a person under the age of thirteen years old. This charge carries a mandatory minimum twenty five year prison sentence. See M.C.L.A. 750.520b(2)(b). Petitioner was also charged with one count of second-degree criminal sexual conduct.

On August 24, 2015, petitioner pleaded guilty to a first-degree criminal sexual conduct charge that was amended by the prosecutor to remove any allegation that the offense was perpetrated by an individual older than seventeen years old against a person younger than thirteen years old, so as to remove the mandatory minimum twenty five year sentence. The prosecutor agreed that petitioner's sentencing guidelines were between eighty one to one hundred and twenty months and that his maximum sentence would be fifteen years. (Tr. 8/24/15, p. 3). Petitioner pleaded guilty after being advised of the constitutional rights. (*Id.*, pp. 4-7).

Petitioner was sentenced on September 9, 2015. Prior to the sentence being imposed, defense counsel successfully objected to the scoring of points under Prior Record Variable (PRV) 6 and Offense Variables (OV) 3 and 8 of the Michigan Sentencing Guidelines. The judge, however, rejected counsel's objections to the scoring of OV 4 and OV 11 of the Michigan Sentencing Guidelines. The corrected sentencing guidelines

range was reduced to fifty one to eighty five months. (Tr. 9/9/15, pp. 6-10). In imposing sentence, the judge noted that petitioner's counsel had managed to negotiate the removal of the mandatory minimum twenty five year prison sentence and had been able to cap petitioner's maximum sentence at fifteen years. After considering the Michigan Supreme Court case of *People v. Lockridge,* the plea agreement, and the seriousness of the offense, the judge sentenced petitioner to ten to fifteen years in prison. (*Id.,* p. 12).

Petitioner's conviction and sentence were affirmed on appeal. *People v. Gibbons,* No. 330909 (Mich.Ct.App. Feb. 18, 2016); *lv. Den.* 882 N.W. 2d 147 (Mich. 2016).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. Trial court deprived Defendant of due process with sentencing, and counsel was ineffective.

II. Trial court violated constitutional law in sentencing, and ineffective assistance of counsel.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as

4

'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). In order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his or her claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

The Michigan Court of Appeals denied petitioner's application for leave to appeal on petitioner's direct appeal in a form order "for lack of merit in the grounds presented." The Michigan Supreme Court subsequently denied the petitioner leave to appeal in a standard form order without any extended discussion. Determining whether a state court's decision resulted from an unreasonable legal or factual conclusion, as would warrant federal habeas relief, does not require that there be an opinion from the state court that explains the state court's reasoning. *Harrington*, 562 U.S. at 98. "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Id*. In fact, when a habeas petitioner has presented a

5

federal claim to a state court and that state court has denied relief, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Id*. at 99. That presumption may be overcome only when there is a reason to think that some other explanation for the state court's decision is more likely. *Id*. at 99-100.

The AEDPA deferential standard of review applies to petitioner's claims where the Michigan Court of Appeals rejected petitioner's appeal "for lack of merit in the grounds presented" and the Michigan Supreme Court subsequently denied leave to appeal in a standard form order, because these orders amounted to a decision on the merits. See *Werth v. Bell*, 692 F. 3d 486, 492-94 (6th Cir. 2012).

### III. Discussion

The Court discusses petitioner's claims together for judicial clarity.

In his first claim, petitioner alleges that the judge incorrectly scored offense variables 4 and 11 of the Michigan Sentencing Guidelines and that trial counsel was ineffective for failing to object to the scoring. In his second claim, petitioner alleges that the judge was ineffective for failing to consider mitigating evidence on his behalf and that trial counsel was

6

ineffective for failing to present mitigating evidence on behalf at sentencing. [1]

Petitioner's claim that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review, because it is basically a state law claim. *See Tironi v. Birkett*, 252 F. Appx. 724, 725 (6th Cir. 2007)*; Howard v. White,* 76 F. App'x. 52, 53 (6th Cir. 2003); *Simpson v. Warren*, 662 F. Supp. 2d 835, 851 (E.D. Mich. 2009). Errors in the application of state sentencing guidelines cannot independently support habeas relief. *See Kissner v. Palmer*, 826 F. 3d 898, 904 (6th Cir. 2016). "Petitioner has no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence." *See Mitchell v. Vasbinder,* 644 F. Supp. 2d 846, 867 (E.D. Mich. 2009)(citing *Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 752 (E.D. Mich. 2005)). "[I]n short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt,* 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). Any error by the

---

[1] Due to the brevity of the petition for writ of habeas corpus, and the fact that petitioner is proceeding *pro se*, this Court is willing to incorporate the arguments raised in petitioner's state appellate court brief [This Court's Dkt. # 8-4] as part of petitioner's application for writ of habeas corpus. *See e.g. Burns v. Lafler,* 328 F. Supp. 2d 711, 717, n. 2. (E.D. Mich. 2004).

trial court in calculating his guideline score would not merit habeas relief. *Id.*

Petitioner appears to argue that the trial judge violated his Sixth Amendment right to a jury trial by using facts that had not been submitted to a jury in order to score the offense variables in his case. [2]

On June 17, 2013, the United States Supreme Court ruled that any fact that increases the mandatory minimum sentence for a crime is an element of the criminal offense that must be proven beyond a reasonable doubt. *See Alleyne v. United States*, 133 S. Ct. 2151, 2155 ( 2013). *Alleyne* is an extension of the Supreme Court's holdings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004), in which the U.S. Supreme Court held that any fact that increases or enhances a penalty for a crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. In reaching this conclusion, the Supreme Court overruled *Harris v. United States*, 536 U.S. 545 (2002), in

---

[2] Under Michigan law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. *See People v. Babcock,* 469 Mich. 247, 255, n. 7, 666 N.W. 2d 231 (2003)(citing M.C.L.A. 769.34(2)). The maximum sentence is not determined by the trial judge but is set by law. *See People v. Claypool,* 470 Mich. 715, 730, n. 14, 684 N.W. 2d 278 (2004)(citing M.C.L.A. 769.8).

8

which the Supreme Court had held that only factors that increase the maximum, as opposed to the minimum, sentence must be proven beyond a reasonable doubt to a factfinder. *Alleyne,* 133 S. Ct. at 2157-58.

*Alleyne* is inapplicable to petitioner's case, because the Supreme Court's holding in "*Alleyne* dealt with judge-found facts that raised the mandatory minimum sentence under a statute, not judge-found facts that trigger an increased guidelines range," which is what happened to the petitioner in this case. *See United States v. Cooper*, 739 F.3d 873, 884 (6th Cir. 2014); *See also United States v. James*, 575 F. App'x. 588, 595 (6th Cir. 2014)(collecting cases and noting that at least four post-*Alleyne* unanimous panels of the Sixth Circuit haved "taken for granted that the rule of *Alleyne* applies only to mandatory minimum sentences."); *Saccoccia v. Farley*, 573 F. App'x. 483, 485 (6th Cir. 2014)("But *Alleyne* held only that 'facts that increase a mandatory statutory minimum [are] part of the substantive offense.'...It said nothing about guidelines sentencing factors...."). The Sixth Circuit, in fact, has ruled that *Alleyne* did not decide the question whether judicial factfinding under Michigan's indeterminate sentencing scheme violates the Sixth Amendment. *See Kittka v. Franks*, 539 F. App'x. 668, 673 (6th Cir. 2013).

The Michigan Supreme Court recently relied on the *Alleyne* decision in holding that Michigan's Sentencing Guidelines scheme violates the Sixth Amendment right to a jury trial. *See People v. Lockridge*, 498 Mich. 358; 870 N.W.2d 502 (Mich. 2015).

Petitioner cannot rely on *Lockridge* to obtain relief with this Court. The AEDPA standard of review found in 28 U.S.C. § 2254 (d)(1) prohibits the use of lower court decisions in determining whether the state court decision is contrary to, or an unreasonable application of, clearly established federal law. *See Miller v. Straub*, 299 F. 3d 570, 578-579 (6th Cir. 2002). "The Michigan Supreme Court's decision in *Lockridge* does not render the result 'clearly established' for purposes of habeas review." *Haller v. Campbell*, No. 1:16-CV-206, 2016 WL 1068744, at * 5 (W.D. Mich. Mar. 18, 2016). In light of the fact that the Sixth Circuit has ruled that *Alleyne* does not apply to sentencing guidelines factors, reasonable jurists at a minimum could disagree about whether *Alleyne* applies to the calculation of Michigan's minimum sentencing guidelines. *Id.* at * 6. "*Alleyne* therefore did not clearly establish the unconstitutionality of the Michigan sentencing scheme and cannot form the basis for habeas corpus relief." *Id.*; *See also Perez v. Rivard*, No. 2:14-CV-12326, 2015 WL

3620426, at *12 (E.D. Mich. June 9, 2015). Petitioner is not entitled to relief on this portion of his first claim.

In his second claim, petitioner alleges that the judge failed to consider mitigating evidence on his behalf at sentencing.

Petitioner's claim that the trial court failed to afford him individualized consideration of mitigating evidence on his behalf fails to state a claim upon which habeas relief can be granted, because the U.S. Supreme Court has limited its holding concerning mitigating evidence to capital cases. *Alvarado v. Hill,* 252 F. 3d 1066, 1069 (9th Cir. 2001)(*citing to Harmelin v. Michigan,* 501 U.S. 957, 996 (1991)); *See also Engle v. United States,* 26 F. App'x. 394, 397 (6th Cir. 2001)(Eighth Amendment does not require consideration of mitigating factors at sentencing in non-capital cases). Because petitioner had no constitutional right to an individualized sentence, no constitutional error occurred because of the state trial court's failure to consider mitigating evidence on his behalf at sentencing. *See Hastings v. Yukins,* 194 F. Supp. 2d 659, 673 (E.D. Mich. 2002).

Petitioner argues that counsel was ineffective at sentencing.

To show that he was denied the effective assistance of counsel

under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id*. In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689. Second, the defendant must show that such performance prejudiced his defense. *Id*. To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

A right to the effective assistance of counsel exists during sentencing in both noncapital and capital cases. *See Lafler v. Cooper*, 132 S. Ct. 1376, 1385-86 (2012). Although sentencing does not involve a criminal defendant's guilt or innocence, "ineffective assistance of counsel during a sentencing hearing can result in *Strickland* prejudice because

'any amount of [additional] jail time has Sixth Amendment significance.'" *Lafler,* 132 S. Ct. at 1386 (*quoting Glover v. United States*, 531 U.S. 198, 203 (2001)).

Petitioner first claims that counsel was ineffective for failing to object to the scoring of OV 4 and OV 11 of the Michigan Sentencing Guidelines.

Petitioner is not entitled to relief. Counsel did object to the scoring of these two offense variables along with several other prior record and offense variables that he was successful in challenging. The judge indicated that he would keep the scoring of OV 4 at ten points and OV 11 at twenty five points.

As the Eleventh Circuit noted, when the alleged attorney error involves the failure to object to a violation of state law that does not involve the enforcement of federal constitutional rights or interests, there is no Supreme Court case which prevents a federal court sitting in habeas review of a state court conviction from looking "to whether there is a reasonable probability that the do-over proceeding state law provides would reach a different result." See *Hammond v. Hall,* 586 F.3d 1289, 1340 (11th Cir. 2009).

In this case, the trial judge concluded that there was a factual basis

for the scoring of OV 4 and OV 11 under the Sentencing Guidelines and the Michigan appellate courts upheld this ruling. Petitioner is therefore unable to show that he was prejudiced by his counsel's purported ineffectiveness in failing to object to the scoring of his sentencing guidelines. *See Coleman v. Curtin*, 425 F. App'x. 483, 485 (6th Cir. 2011).

Although the judge agreed to reduce the sentencing guidelines range to 51-85 months, he departed above the sentencing guidelines range and imposed a sentence of ten to fifteen years in prison. In light of the fact that the trial court would have departed above the sentencing guidelines range and imposed the same sentence even if counsel had been more effective in objecting to the scoring of the guidelines variables, counsel's purported failure to do so did not prejudice petitioner. Petitioner is not entitled to relief on his ineffective assistance of counsel claim on counsel's failure to object to the scoring of his sentencing guidelines. *See U.S. v. Kirkham,* 295 F. App'x. 910, 913 (10th Cir. 2008).

Petitioner also argues that counsel was ineffective for failing to present mitigating evidence on his behalf at sentencing.

In the context of presenting mitigating evidence at sentencing, there is an insufficient showing of prejudice, so as to establish an ineffective

assistance of counsel claim, where "one is left with pure speculation on whether the outcome of the trial or the penalty phase could have been any different."*Slaughter v. Parker*, 450 F.3d 224, 234 (6th Cir. 2006)(*quoting Baze v. Parker*, 371 F.3d 310, 322 (6th Cir. 2004)).

In the present case, petitioner pleaded guilty to sexually penetrating his six year old step-granddaughter. Petitioner was originally facing a mandatory minimum twenty five year sentence. The judge departed above the guidelines because of Michigan caselaw, the plea agreement, and the seriousness of the offense. Given the serious nature of the offense to which petitioner entered a guilty plea, engaging in acts of sexual penetration with his six year old step-granddaughter, as well as the nature of petitioner's conduct in engaging in these acts, any mitigating evidence offered on petitioner's behalf would probably not have persuaded the trial judge "to take a more lenient view of his grossly offensive, inappropriate, and unlawful conduct" towards his own step-granddaughter, such that petitioner was not prejudiced by counsel's failure to present any mitigating evidence on his behalf. *See Catalano v. Colson*, 493 F. App'x 696, 703 (6th Cir. 2012). Petitioner is not entitled to relief.

## IV. Conclusion

For the reasons discussed, the petition for writ of habeas corpus is denied.

In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

This Court denies a certificate of appealability because reasonable jurists would not find this Court's assessment of the claims to be debatable or wrong. *See Slack v. McDaniel*, 529 U.S. at 484. Petitioner

may, however, proceed *in forma pauperis* on appeal because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3).

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that the petitioner will be **GRANTED** leave to appeal *in forma pauperis.*

s/Denise Page Hood  
Denise Page Hood  
Chief Judge, United States District Court

Dated: April 28, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 28, 2017, by electronic and/or ordinary mail.

s/Julie Owens acting in the absence of LaShawn R. Saulsberry  
Case Manager